1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9            CENTRAL DISTRICT OF CALIFORNIA
10   BRIAN WHITAKER,                    Case No. CV-20-01899-AB (ASx)
11                                      **ORDER DENYING MOTION TO
                         Plaintiff,     DISMISS FIRST AMENDED
12                                      COMPLAINT**
13   v.
14   FARM-TO-TABLE EATS, INC.,
                         Defendants.
15
16

17          Before this Court is Defendant Farm-to-Table Eats, Inc.'s ("Defendant")

18   Motion to Dismiss First Amended Complaint ("Motion," Dkt. No. 28). Plaintiff Brian

19   Whitaker ("Plaintiff") filed an opposition and Defendant filed a reply. The Motion is

20   **DENIED**.

21   **I.    BACKGROUND**

22          The First Amended Complaint ("FAC," Dkt. No. 24) alleges in relevant part as

23   follows.

24          Plaintiff is a California resident with physical disabilities. He is substantially

25   limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a

26   quadriplegic. He uses a wheelchair for mobility. FAC ¶ 1. Plaintiff went to

27   Defendant's Restaurant with the intention of getting something to eat. FAC ¶ 8.

28          On the date of the plaintiff's visit, the defendants failed to provide wheelchair

1   accessible dining surfaces in conformance with the ADA Standards. FAC ¶ 10.

2   Each of the outdoor and indoor tables – other than the bar stool height tables that are

3   too high for a wheelchair user to use – are pedestal style tables, meaning that they rest

4   on a single pole with extending feet. Plaintiff's wheelchair footrest runs low to the

5   ground and is impeded by pedestal feet, so these tables all fail to provide sufficient

6   knee and toe clearance as required by the ADA Standards. FAC ¶ 13.

7        Plaintiff alleges that these barriers relate to and impact his disability, that he

8   personally encountered these barriers, that Defendant denied him full and equal

9   access, and that Defendant's failure to provide accessible facilities created difficulty

10  and discomfort for the Plaintiff. FAC ¶¶ 14-16.

11       Plaintiff alleges that he lives about 25 minutes away from the Restaurant, is in

12  its geographic area on a regular and ongoing basis, will return to the Restaurant to

13  avail himself of its goods and to determine compliance with the disability access laws

14  once it is represented to him that the Restaurant and its facilities are accessible, but is

15  currently deterred from doing so because of his knowledge of the existing barriers and

16  his uncertainty about the existence of yet other barriers on the site. FAC ¶ 18.

17       Based on these factual allegations, Plaintiff asserts claims under both the ADA

18  and the Unruh Civil Rights Act, Cal. Civ. Code § 51–53 ("Unruh Act").  Defendants

19  move to dismiss both claims for lack of standing and failure to state a claim.

20  **II.    LEGAL STANDARD**

21     **A. Legal Standard for Rule 12(b)(1) Motion to Dismiss**

22       Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter

23  jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "Federal courts are required sua sponte to

24  examine jurisdictional issues such as standing." *Bernhardt v. County of Los Angeles*,

25  279 F.3d 862, 868 (9th Cir. 2002) (internal quotation marks omitted); *accord United*

26  *States v. Hays*, 515 U.S. 737, 742 (1995).  Where a defendant brings a facial attack on

27  the district court's subject matter jurisdiction under Rule 12(b)(1), the court

28  "assume[s] [plaintiff's] [factual] allegations to be true and draw[s] all reasonable

1  inferences in his favor." *Wolfe v. Stankman*, 392 F.3d 358, 360 (9th Cir. 2004).

2  Courts do not accept the truthfulness of legal conclusions contained in the complaint

3  when assessing a facial attack on subject matter jurisdiction under Rule 12(b)(1).

4  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

5      Unlike a Rule 12(b)(6) motion or a facial Rule 12(b)(1) motion, a factual attack

6  on subject matter jurisdiction under Rule 12(b)(1) gives the district court discretion to

7  consider extrinsic evidence and, if disputed, weigh the evidence to determine whether

8  the facts support subject matter jurisdiction without converting the motion to dismiss

9  into a motion for summary judgment. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.

10  2000). "The presumption of correctness that we accord to a complaint's allegations

11  falls away on the jurisdictional issue once a defendant proffers evidence that calls the

12  court's jurisdiction into question." *Commodity Trend Serv., Inc. v. Commodity*

13  *Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998).

14      **B. Legal Standard for Rule 12(b)(6) Motion to Dismiss**

15      Rule 8 requires a plaintiff to present a "short and plain statement of the claim

16  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule

17  12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim

18  upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

19      To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide

20  enough factual detail to "give the defendant fair notice of what the . . . claim is and the

21  grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

22  The complaint must also be "plausible on its face," that is, the "complaint must

23  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

24  plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

25  550 U.S. at 570). A plaintiff's "factual allegations must be enough to raise a right to

26  relief above the speculative level." *Twombly,* 550 U.S. at 555. "The plausibility

27  standard is not akin to a 'probability requirement,' but it asks for more than a sheer

28  possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a

3.

1  formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550

2  U.S. at 555.

3       A court may dismiss a complaint under Rule 12(b)(6) based on the lack of a

4  cognizable legal theory or the absence of sufficient facts alleged under a cognizable

5  legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

6  When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual

7  allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

8  The court must make all reasonable inferences in the plaintiff's favor. *Nordstrom v.*

9  *Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). But a court is "not bound to accept as true a

10  legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal

11  quotation marks omitted).

12  **III.   DISCUSSION**

13       Plaintiff bases his claims of relief on the Americans with Disabilities Act

14  ("ADA") and the Unruh Act. The ADA prohibits discrimination in places of public

15  accommodation. 42 U.S.C. § 12162(a). Discrimination includes "a failure to remove

16  architectural barriers . . . in existing facilities . . . where such removal is readily

17  achievable." 42 U.S.C. § 12182(2)(A)(iv). Any violation of the ADA is also a

18  violation of the Unruh Act. Cal. Civ. Code § 51(f). Thus, Plaintiff argues that since

19  Defendants violated the ADA, Plaintiff is entitled to the statutory damages outlined in

20  the Unruh Act.

21       Defendants move to dismiss on grounds that Plaintiff lacks standing to bring the

22  instant ADA claim under Rule 12(b)(1) because Plaintiff's FAC has failed to allege:

23  (1) facts demonstrating an injury-in-fact; (2) how his injury may be redressed by a

24  favorable decision; (3) facts to showing a "sincere," or plausible and credible, intent to

25  return to sufficient to establish that his injury is actual or imminent. Defendants also

26  move to dismiss under Rule 12(b)(6).

27

28

### A. Plaintiff's FAC Establishes ADA Standing and Survives Rule 12(b)(1)

To show standing, a plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] action, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc). Further, to establish standing for a claim of injunctive relief, as Plaintiff does here, "he must demonstrate a 'real and immediate threat of repeated injury' in the future." *Id.* (quoting *Fortyune v. Am. Multi-Cinema, Inc.,* 364 F.3d 1075, 1081 (9th Cir. 2004)). The Ninth Circuit has recognized that an ADA plaintiff can show a likelihood of future injury in one of two ways: (1) by demonstrating that "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier," or (2) by demonstrating "sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Id.* at 950. "[A]n ADA plaintiff who has been discriminated against in one aspect of public accommodation may, in a single lawsuit, obtain an injunction to prevent impending discrimination on account of his specific disability throughout the accommodation." *Id.* at 953.

An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (omitting internal citations). An injury is concrete and particularized when a plaintiff suffers discrimination due to barriers at a public accommodation and those barriers have deterred plaintiff from returning. *Doran v. 7-Eleven*, 524 F.3d 1034, 1041 (9th Cir. 2008). A plaintiff suffers an "actual and imminent" injury when he alleges "(1) that he visited an accommodation in the past; (2) that he was currently deterred from returning to the accommodation because of ADA violations; and (3) that he would return if the ADA violations were remedied." *Id.* (citing *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 947 (C.D. Cal. 2005)).

We are mindful that the "Supreme Court has instructed us to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act.'" *Doran*, 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972)).  However, "a liberal interpretation of a . . . civil rights complaint may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

In *Chapman*, the plaintiff's complaint alleged that he was "physically disabled," and that he "visited the Store" and "encountered architectural barriers that denied him full and equal access."  631 F.3d at 954 .  Plaintiff never alleged what exact barriers he encountered or how his disability was affected by the barriers so as to deny him "full and equal" access that would satisfy the injury-in-fact requirement. *Id.*  The Ninth Circuit held that the plaintiff lacked standing because he "[left] federal court to guess" what barriers he encountered, how those barriers deprived him of full and equal access, and how those barriers deterred him from visiting the store. *Id.* at 955.

Plaintiff's FAC does not suffer the same fate as the *Chapman* plaintiff's complaint. The FAC articulates the barrier he faced denying him "full and equal access": inaccessible dining surfaces (i.e., tables), that are inaccessible because they have pedestal feet that impede his wheelchair.  FAC ¶ 13.  Plaintiff alleges that he "personally encountered" this barrier, that it denied him full and equal access, and created discomfort for him. *Id.* ¶¶ 14-16.  Further, Plaintiff satisfies the requirement of a "real and immediate threat of repeated injury" in the future by alleging that he lives 25 minutes from the Restaurant, is in the vicinity on a regular basis, and would return to the Restaurant  "to avail himself of goods or services," but "is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." *Id.* ¶ 18.  As the Ninth Circuit has explained, demonstrating an intent to return to a noncompliant accommodation is not required.  "A disabled individual also suffers a cognizable injury if he is deterred

6.

from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Chapman*, 631 F.3d at 949.  Here, Plaintiff has alleged as much thereby satisfying the ADA standing requirements.

### B. Plaintiff's FAC Survives Rule 12(b)(6)

To prevail on a discrimination claim under Title III of the ADA, "a plaintiff must show that: (1) he is disabled . . . ; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). Here, Plaintiff alleges sufficient facts to meet all three elements: (1) he is a paraplegic who cannot walk and uses a wheelchair for mobility (FAC, ¶ 1); (2) Defendants are private entities that currently own and previously owned the Restaurant itself or the property on which it sits (*id.*, ¶¶ 2-5); and (3) Defendants did not provide an accessible dining surface it accessible to people in wheelchairs, a barrier that Plaintiff personally encountered (*id.*, ¶¶ 12-16).  Thus, Plaintiff states a plausible claim under the ADA.

In sum, Defendant argues that the FAC fails to plead facts sufficient to establish standing or to state a claim, but the specificity that Defendant seeks is not required at the pleading stage. Defendant asks the Court to order a site visit and an evidentiary hearing, but that is not warranted. Furthermore, the Court's Early ADR Program for ADA Disability Access Litigation (*see* Notice, Dkt. No. 8) provides a mechanism for fleshing out a plaintiff's claims short of engaging in the costly discovery Defendant wishes to avoid. Yet Defendant has declined to engage the ADR program for this case.

### IV.    CONCLUSION

Defendants' Motion to Dismiss is **DENIED**.  **IT IS SO ORDERED.**

Dated:  August 24, 2020                    _____

                                           HONORABLE ANDRÉ BIROTTE JR.
                                           UNITED STATES DISTRICT COURT JUDGE

7.