UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FARM-TO-TABLE EATS, INC.,<br><br>　　　　　Defendants. | Case No. CV-20-01899-AB (ASx)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AS TO ADA CLAIMS AND PORTION OF UNRUH ACT CLAIM, and DISMISSING PORTION OF UNRUH ACT CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION** |

Before this Court is Defendant Farm-to-Table Eats, Inc.'s ("Defendant") Motion for Summary Judgment ("Motion," Dkt. No. 47). Plaintiff Brian Whitaker ("Plaintiff") filed an opposition and Defendant filed a reply. The Motion is **GRANTED IN PART**. The Court **DISMISSES** any outstanding Unruh Act claim for lack of subject matter jurisdiction.

**I.　BACKGROUND**

The First Amended Complaint ("FAC," Dkt. No. 24) alleges as follows.

Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility. FAC ¶ 1. On January 29, 2020, Plaintiff went to Defendant's Restaurant to get something to eat. FAC ¶ 8.

On the date of Plaintiff's visit, Defendant "failed to provide wheelchair

1.

accessible dining surfaces in conformance with the ADA Standards." FAC ¶ 10. Each of the outdoor and indoor tables – other than the bar stool height tables that are too high for a wheelchair user to use – are pedestal style tables, meaning that they rest on a single pole with extending feet. Plaintiff's wheelchair footrest runs low to the ground and is impeded by pedestal feet, so these tables all fail to provide sufficient knee and toe clearance as required by the ADA Standards. FAC ¶ 13. It appears that Plaintiff encountered only the non-compliant outdoor tables and did not go inside; rather, his investigator Evens Louis visited nearly a month later, on February 24, 2020, and stated that he found no compliant tables inside the restaurant.

Plaintiff alleges that these barriers relate to and impact his disability, that he personally encountered them, that Defendant denied him full and equal access, and that Defendant's failure to provide accessible facilities created difficulty and discomfort for him. FAC ¶¶ 14-16.

Plaintiff alleges that he lives about 25 minutes away from the Restaurant, is in its geographic area on a regular and ongoing basis, will return to the Restaurant to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible, but is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. FAC ¶ 18. Based on these factual allegations, Plaintiff asserts claims under both the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Unruh Civil Rights Act, Cal. Civ. Code § 51–53 ("Unruh Act").

After Plaintiff filed this action, Defendant removed the outdoor dining tables. Plaintiff alleges that there were no accessible indoor dining tables before he filed suit, while Defendant states there were. However, it is undisputed that there is *now* at least one accessible indoor dining table.

Defendant now seeks summary judgment as to both claims, and in his opposition, Plaintiff also seeks summary judgment.

2.

## II. LEGAL STANDARD

A motion for summary judgment must be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmoving party will have the burden of proof at trial, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. *Id.* The nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

## III. DISCUSSION

### A. ADA and Unruh Act Claims

Plaintiff bases his claims of relief on the ADA and the Unruh Act. The ADA prohibits discrimination in places of public accommodation. 42 U.S.C. § 12162(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(2)(A)(iv). Under the ADA, "damages are not recoverable . . . only injunctive relief is available." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)).

Any violation of the ADA is also a violation of the Unruh Act. Cal. Civ. Code § 51(f). Unlike the ADA, the Unruh Act allows for recovery of monetary damages. A plaintiff may recover actual damages for each and every offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)." Cal. Civ. Code § 52(a). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).

Plaintiff seeks injunctive relief, and statutory damages under the Unruh Act.

### B. Defendant's Motion Is Deficient.

The Court must point out that Defendant's motion does not conform to the Federal Rules of Civil Procedure, the Local Rules, or this Court's Standing Order. Fed. R. Civ. P. 56(a) requires the movant to "show[] that there is no genuine dispute of as to any material fact and the movant is entitled to judgment as a matter of law." Local Rule 56-1 specifies that the movant must show which facts it contends are undisputed by filing "a proposed 'Statement of Uncontroverted Facts and Conclusions of Law.' Such proposed statement shall set forth the material facts as to which the moving party contends there is no genuine dispute." C.D. Cal. L.R. 56-1. And this Court's Standing Order (Dkt. No. 9) describes what the SUF should present and its format, and provides an example. *See* Standing Order ¶ 7(c)(i), pp. 7-8. In particular, "[t]he separate statement of undisputed facts shall be in a two-column table, as shown below. The left column sets forth narrowly-focused, undisputed facts as concisely as possible in sequentially numbered paragraphs. The right column sets forth the evidence that supports the factual statement." Standing Order p. 7.

Here, Defendant filed a document entitled "Defendant's Statement of Uncontroverted Facts and Conclusions of Law" ("SUF," Dkt. No. 47-2), but in substance it is not a statement of facts that Defendant contends are undisputed. While Defendant's left-hand column is appropriately entitled "Defendants' Uncontroverted Facts," it actually presents *Plaintiff's allegations* as uncontroverted facts. And while the right-hand column is appropriately entitled "Supporting Evidence," it merely responds to some of the Plaintiff's allegations as disputed or undisputed, and sometimes identifies evidence. In other words, Defendant's SUF fails to set forth *all of* the material facts that *Defendant* contends are undisputed, and also fails to identify the evidence supporting those facts. An SUF is not a mere procedural hoop; rather, it is an essential tool that facilitates the orderly briefing and adjudication of a summary judgment motion. Filing a compliant SUF is not optional, it is mandatory, and the Court expects all counsel to comply with such requirements.

The Court would ordinarily deny a motion for summary judgment that had the above deficiencies. However, the parties' disputes and the material facts are limited, Plaintiff does not object to Defendant's filing, and Plaintiff likewise asks the Court for summary judgment. The Court will therefore resolve the Motion on its merits.

### C. Defendant has Shown that Adding Accessible Outdoor Tables is Not Feasible Because It Would Render the Sidewalk Inaccessible.[1]

Regarding the outdoor tables, Defendant contends that making those tables accessible would be impossible because it would render the elevated sidewalk on which those tables are placed inaccessible, and would endanger any wheelchair user sitting at those tables. Defendant made this argument in his Motion (Mot. pp. 7-8), with which it provided photos of the sidewalk, and in reply filed additional diagrams showing "every possible location an accessible table could be placed along the sidewalk." Reply 3:24-26, Ex. A-G.

Specifically, Defendant contends that that ADA requires the sidewalk to have 36" of clearance. An accessible table would measure, at a minimum, 24" x 36". The elevated sidewalk on which the outdoor tables were placed alongside the restaurant's exterior wall is about 62" wide, and the edge of the sidewalk farthest from the restaurant wall is a curb dropping to the parking lot surface. Accessible tables could be placed on the sidewalk in one of two orientations, both of which would render the sidewalk inaccessible and dangerous, as follows. If an accessible table were placed with its short 24" side parallel to the restaurant's wall, then its long 36" side would extend across the sidewalk, leaving only about 26" of sidewalk clearance (62" – 36" =

---

[1] Insofar as Defendant argues that it was not on notice that Plaintiff's claims were based on the lack of accessible indoor tables, the Court rejects that argument because that allegation was in the FAC, and the FAC was sufficiently specific about the tables' inaccessibility to put Defendant on notice. *See* FAC ¶ 13. Likewise, to the extent Defendant argues that Plaintiff lacks standing to pursue his claims because he did not actually attempt to use the tables, the Court rejects that argument because it appears that Plaintiff could plainly see the outdoor tables were not compliant with the ADA—an allegation that Defendant does not actually deny.

5.

26"). This is less than the 36" required by the ADA, and would render the sidewalk inaccessible under the ADA. If an accessible table were placed the other way—with its long 36" side along the exterior wall—then its short 24" side would extend across the sidewalk, leaving about 38" of sidewalk clearance (62" – 24" = 38"). This is 2" more than the 36" of clearance required by the ADA. However, a table in that orientation would place the wheelchair-bound diner in that clearance space, resulting in three unacceptable consequences: (1) substantially reducing the sidewalk clearance to far less than the 36" required by the ADA; (2) rendering the sidewalk inaccessible to anyone; and (3) placing the wheelchair-bound diner in a precarious position with their back towards the curb with little clearance behind them and at risk of accidentally rolling off the curb and falling into the parking lot. This demonstrates that adding accessible outdoor tables is not possible because doing so would render the sidewalk inaccessible and endanger wheelchair-bound users and anyone else needing to use the sidewalk.

Although Defendant raised this issue in its Motion, Plaintiff failed to respond to it in his opposition. The Court deems Plaintiff's failure to respond to this argument as conceding its merit, *see* C.D. Cal. Local Rule 7-12, both (1) that adding accessible tables to this sidewalk would be impossible, and (2) that this is a valid legal defense to Plaintiff's claim. In light of this disposition, the Court need not decide whether Defendant's removal of the outdoor tables altogether renders Plaintiff's claim based on them moot.

Defendant is therefore entitled to summary judgment on Plaintiff's ADA and Unruh Act claims based on the inaccessible outdoor tables.

**D. Plaintiff's ADA Claim for Injunctive Relief Based on the Indoor Tables Is Moot.**

Regarding the indoor tables, whether there was an accessible table when Plaintiff visited is unclear. However, it is *now* undisputed that there is an accessible indoor table. *See* Louis Decl. ¶ 7 (Plaintiff's investigator stating that "there was now

1 one table with no knee and toe obstructions"). This renders Plaintiff's ADA claim for
2 injunctive relief moot. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir.
3 2011) ("Because a private plaintiff can sue only for injunctive relief (i.e., for removal
4 of the barrier) under the ADA, . . . . , a defendant's voluntary removal of alleged
5 barriers prior to trial can have the effect of mooting a plaintiff's ADA claim.")
6 (citation omitted).

In his opposition, Plaintiff argues only that his claim based on the *outdoor* tables is not moot because Defendant can again put only non-compliant tables out there. Plaintiff makes no similar argument regarding the *indoor* tables, thus conceding that his claim for injunctive relief based on the indoor tables is moot. Indeed, there is no plausible reason why Defendant would eliminate its accessible indoor table, especially now that it has been sued, so an alleged violation based on the indoor tables could not be reasonably expected to recur. The Court therefore finds that Plaintiff's ADA claim based on the indoor tables is moot, so the Court will dismiss it on that basis.

**E. The Court Declines to Exercise Supplemental Jurisdiction Over Any Remaining Unruh Act Claim.**

Plaintiff's Unruh Act claim based on the outdoor tables fails because, as discussed above, Defendant has established that providing accessible outdoor tables is impossible. However, because there is *potentially* a conflict in evidence regarding whether Defendant provided accessible indoor tables when Plaintiff visited the restaurant, and the ADA claim was mooted thereafter, it is possible that Plaintiff *may* still have an Unruh Act claim based on the alleged lack of accessible indoor tables when he visited. Thus, because the Court has resolved Plaintiff's ADA claim, it must determine whether to exercise supplemental jurisdiction over any remaining state law cause of action under the Unruh Act.

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— (1) the claim raises a novel or complex issue of State

law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). The Supreme Court has described 28 U.S.C. § 1367(c) as a "codification" of the principles of "'economy, convenience, fairness, and comity'" that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

District courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago*, 522 U.S. at 173. The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *Id.* (quoting *Cohill*, 484 U.S. at 350).

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" the first three provisions, 28 U.S.C. §§ 1367(c)(1)-(3). *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). And, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350, n. 7. Thus, for example, the Ninth Circuit upheld the district court's decision to decline supplemental jurisdiction over state law claims after dismissal of an ADA claim "because the balance of the factors of 'judicial

8.

economy, convenience, fairness, and comity' did not 'tip in favor of retaining the state-law claims' after the dismissal of the ADA claim." *Oliver*, 654 F.3d at 911.

Here, the claims that triggered the Court's original jurisdiction—the ADA claims—have been eliminated, and only a *potential* claim under the Unruh Act remains. This potential claim is based on the allegation that there were no accessible indoor dining tables when Plaintiff visited. The Court refers to this is as a "potential" claim because it is not clear whether such a claim would be viable, for Plaintiff did not himself observe the absence of accessible tables when he visited, because he never entered the restaurant; only his investigator claimed to observe the lack of accessible indoor tables when he visited the restaurant *nearly a month later*. The Court has some doubts that this circumstance can establish a claim on Plaintiff's behalf, but the parties did not brief it. In light of the dismissal of the ADA claim, this is now a question of California law that should be resolved, if at all, by a California state court.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment as to Plaintiff's ADA claim is **GRANTED** in its entirety, and is **GRANTED** as to Plaintiff's Unruh Act claim based on the outdoor tables.

Insofar as Plaintiff *may* have an Unruh Act claim based on the indoor tables, the Court declines to exercise supplemental jurisdiction over that claim and therefore **DISMISSES** it without prejudice.

The parties are **ORDERED** to meet and confer on a Proposed Judgment and to jointly file one within 7 days of the issuance of this Order. If they cannot agree, they may file alternative Proposed Judgments. The Pretrial Conference and Court Trial dates are vacated.

**IT IS SO ORDERED.**

Dated: August 24, 2021

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE