Ara Sahelian, Esq., [CBN 169257]
SAHELIAN LAW OFFICES
25108 Marguerite pkwy, Ste A
Mission Viejo, CA  92692
949. 859. 9200
e-mail: contact@sahelianlaw.com
Attorneys for Farm-To-Table Eats, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### (Western Division - Los Angeles)

| | |
|---|---|
| Brian Whitaker,<br>          Plaintiff,<br>     vs.<br>Farm-To-Table Eats, Inc.<br>          Defendant. | CASE NO.: 2:20-cv-01899-AB-AS<br><br>The Honorable André Birotte Jr.<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY FEES**<br><br>Complaint Filed: 2/27/2020<br>Trial: 11/2/2021<br><br>Hearing Date: 11/5/2021<br>Time: 10:00AM |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY FEES - Page 1 -**

# REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY FEES

**Pre-Motion Conference**

Plaintiff argues that Defendant did not satisfy its obligation to confer prior to filing this Motion. That doesn't square with counsel's comments made by e-mail on September 22. On September 22, this attorney contacted counsel, in writing, asking if he wished to speak further relative to the Motion. (see Exhibit A). Plaintiff responded, "I'm pretty sure we talked about this on 8/31 at some length. Your 7-3 obligations have been fulfilled." (see Exhibit B).

Plaintiff further contends that a billing statement was not available for review. The billing statement can be found on the docket.

**Background**

The opening brief argued that Defendant was entitled to attorney's fees on two grounds:

    1. Plaintiff's prosecution of the case was frivolous, and

    2. Defendant prevailed and Plaintiff does not qualify as a civil rights plaintiff *of limited means*.

In his Opposition, Plaintiff sidesteps both issues. On the issue of frivolity, Plaintiff will not answer a simple question: is it not true that

anyone with a measuring tape and modicum of exposure to the ADA Standards would have recognized that it was not possible to place an accessible tables outside the Restaurant?

On the second issue, as to whether Plaintiff is a civil rights plaintiff of limited means, Plaintiff will not confirm that his earnings as a serial ADA filer exceed $1 million annually.

A non-moving party's failure to respond to a claim in its opposition constitutes a concession of that claim. *Foster v. City of Fresno*, 392 F.Supp. 2d 1140, 1146-47 (E.D. Cal. 2005). With no direct response as to these two arguments, the Court should have no difficulty ruling that Defendant must be awarded attorney's fees as the prevailing party on the grounds (a) that the action and its continued prosecution was frivolous, and (b) that even if it were not frivolous, Defendant is still entitled to attorney's fees as the prevailing party. Plaintiff, Brian Whitaker, is not a civil rights plaintiff of limited means.

**Defendant is entitled to attorney's fees on the grounds Plaintiff's prosecution of the case was frivolous. Plaintiff's claims had no legal or factual basis**

It is impossible to place wheelchair-accessible tables outside Rabano.

Rabano is a small restaurant. The sidewalk outside Rabano is narrow. It can accommodate a few small bistro style tables, but that's it.

Plaintiff alleged that he needed wheelchair accessible tables because he wanted to dine outdoors. A classic wheelchair accessible table provides 28 inches in knee clearance (vertically), and 30 inches of lateral clearance (meaning the horizontal distance between the legs of the table). Having filed 1500 cases, Plaintiff would have known this.

Even if Plaintiff were ignorant of these elementary facts, and he was not, his attorneys had reason to know (after filing 40,000 or so ADA accessibility cases) that placing accessible tables outdoors on the sidewalk at Rabano was not readily achievable. Plaintiff did not need to see the 3-D illustrations commissioned by Defendant to realize that.

Why did Plaintiff file and continue to prosecute this lawsuit when he undoubtedly knew that placing wheelchair accessible tables on the sidewalk was not readily achievable? The answer is simple: an ADA accessibility lawsuit, no matter how meritless, has settlement value. This is true particularly when the lawsuit is brought against a small business. The owners are given a choice: pay up or risk being exposed to a frightening amount in attorney's fees if you lose. Plaintiff's firms (and Potter Handy

leads the pack) have found from experience that most business owners will settle, irrespective of the merits of a lawsuit.

Plaintiff no doubt owns a measuring tape. And having filed 1500 cases, Plaintiff, no doubt, has that modicum of exposure to the ADA standards. But Plaintiff has no incentive to dismiss. With ample cash in his account, he knows: all he has to do is wait. Most business owners will settle sooner or later.

In effect, Plaintiff does not advance a plausible explanation as to why he filed and continued to prosecute this lawsuit. He knows the reason is greed, but, understandably, he is reluctant to admit it. The Court should award attorney's fees to the Defendant. Plaintiff has given us no reason to believe the lawsuit was not frivolous.

**Defendant is entitled to attorney's fees on the grounds it prevailed - and Plaintiff does not qualify as a civil rights plaintiff of limited means.**

For Plaintiff to be shielded from having to pay his adversary's fees in an ADA suit, he must be a plaintiff of limited means. He does not acquire any protection if he is financially able to sustain prolonged litigation.

In ***Christiansburg*** *Garment Co., v. Equal Employment Opportunity*

*Commission*, 434 U.S. 412, 417 (1978), the Supreme Court reasoned that a prevailing Plaintiff, who is usually **of limited means**, should be awarded attorney's **fees** since he is the chosen instrument of Congress to vindicate 'a policy that Congress considered of the highest priority. *Christiansburg* noted that one of Congress' primary purposes in enacting the section was to "make it easier *for a plaintiff of limited means* to bring a meritorious suit." *New York Gaslight Club v. Carey*, 447 U.S. 54, 63. (Emphasis added). "The provision was designed to "make it easier for a plaintiff **of limited means** to bring a meritorious suit." *Mitchell v. Office of L.A. County Superintendent of Sch.*, 805 F.2d 844 (9th Cir., 1986), 847.

Plaintiff is not a man of limited means. Defendant proposed that his annual income exceeded $1 million. Plaintiff does not deny it. This Court, therefore, need not find frivolity in order to award attorney's fees. Plaintiff"'s failure to respond to the issue is a concession.

**Plaintiff does not necessarily need an accessible dining table**

In *Whitaker v. Reeder; Il Fornaio (America) Corp*, Case Number: 2:19-cv-04341-SVW-AFM, The Honorable Stephen V. Wilson allowed Defendant to bring an outdoor dining table into the courtroom for Mr. Whitaker to try out. Within seconds of sliding his chair under the table, Mr.

|   |   |
|---|---|
| 1 | Whitaker testified that he would be able to dine at that table. He had |
| 2 | maintained all along that the outdoor tables at the Il Fornaio Restaurant, |
| 3 | |
| 4 | Beverly Hills,were not be accessible to him. (See Exhibit C, deposition |
| 5 | testimony of Brian Whitaker taken before trial.) The relevant clip of the trial |
| 6 | video can be found at this link: |
| 7 | |
| 8 | https://drive.google.com/drive/folders/1Wea3qr0vs33jW1UwG5S21M1i1poA1xZD?usp=sharing |
| 9 | For all the foregoing reasons, Defendant respectfully requests that the |
| 10 | Court award Defendant reasonable attorney's fees. |

Respectfully submitted:

SAHELIAN LAW OFFICES

_____
Ara Sahelian, Esq.

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY FEES - Page 7 -**