UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:20-cv-01899-AB-ASx | Date: | November 10, 2021 |

| | |
|---|---|
| Title: | *Brian Whitaker v. Farm-To-Table Eats, Inc. et al.* |

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>DENYING</u> DEFENDANT'S MOTION FOR ATTORNEYS' FEES [Dkt. No. 57]

Before the Court is Defendant Farm-to-Table Eats, Inc.'s ("Defendant") Motion for Attorneys' Fees ("Motion," Dkt. No. 57). Plaintiff Brian Whitaker ("Plaintiff") filed an opposition and Defendant filed a reply. The Motion is **<u>DENIED</u>**.

### DISCUSSION

This Court entered judgment in Defendant's favor on Plaintiff's claims under the Americans with Disabilities Act. Defendant now seeks to recover their attorneys' fees under the provision of the ADA that allows the court to award a prevailing private party "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205.

Defendant argues that if Plaintiff is not of limited means, then Defendant's fee must be awarded regardless of whether the action was frivolous. For this proposition, Defendant relies on *Christiansburg Garment Co. v. EEOC*, 434 U.S.

412 (1978)), an analogous civil rights suit for employment discrimination under Title VII. But Defendant misreads *Christansburg*. There, the Supreme Court simply observed that the legislative history indicated that "the fee provision was included to 'make it easier for a plaintiff of limited means to bring a meritorious suit' " by allowing a prevailing plaintiff to recover fees. *Christiansburg*, 434 U.S. at 420. It does not follow from this that if the plaintiff is not of limited means, then a prevailing *defendant* can recover fees from the plaintiff. To the contrary, the Supreme Court clearly held the "a plaintiff should not be assessed his opponent's attorney's fees *unless* a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg*, 434 U.S. at 422 (emphasis added). The Ninth Circuit has likewise observed that "[a]ttorney's fees under § 12205 should be awarded to a prevailing defendant only if " 'the plaintiff's action was frivolous, unreasonable, or without foundation.' " " *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (internal citations omitted); *see also Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir.1997) ("attorney's fees should be granted to a defendant in a civil rights action only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.' ") (citing *Christiansburg*, 434 U.S. at 421).

Applying the correct standard, the Court concludes that Defendant is not entitled to fees because Plaintiff's case was not frivolous, unreasonable, or without foundation. Defendant's outside dining tables were not ADA-complaint, and the evidence regarding whether there was compliant indoor seating before Plaintiff brought suit was inconclusive. The indoor seating claim was rendered moot because it was undisputed that an ADA-complaint indoor table existed by the time Defendant moved for summary judgment. To find Plaintiff's ADA claims frivolous here would defy the Ninth Circuit's admonition against "engag[ing] in post hoc reasoning." *Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015) (citation omitted).

## CONCLUSION

For the above reasons, Defendant's Motion for Attorneys' Fees is **DENIED**.

**IT IS SO ORDERED**.